UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TECHRADIUM INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-78 |
| | § | |
| FIRSTCALL NETWORK, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant FirstCall Network, Inc. filed a motion to transfer this patent infringement suit to the Houston Division of the Southern District of Texas, which it contends is a more convenient forum.  Its principal basis for seeking transfer is that another recent patent case involving the parties was pending before United States District Judge Lee Rosenthal in Houston.  Having considered the briefing, oral argument, and the applicable law, the Court **GRANTS** the motion and **TRANSFERS** this case to the Houston Division, where it shall be assigned to Judge Rosenthal.

## I.  BACKGROUND

Plaintiff TechRadium Inc. sells mass notification systems under the name IRIS™ (Immediate Response Information System) and owns patents related to that technology, including United States Patent Number 7,773,729 (the '729 Patent).  It filed this suit alleging that FirstCall's emergency notification system infringes the

'729 Patent.  The '729 Patent describes a "digital notification and response system with real time translation and advertising features."   Docket Entry No. 1-1 at 1. TechRadium contends that FirstCall's allegedly infringing product is being used by the City of Friendswood, which is located in both Galveston and Harris Counties.

This is not the first infringement suit between these parties.   In 2009, TechRadium sued a number of defendants, including FirstCall, in the Eastern District of Texas.  Judge John Ward transferred that case to the Southern District of Texas, Houston Division, on convenience grounds.  The transfer order noted that TechRadium and four of the five inventors of the patents-in-suit were located in the Houston area, and that another case involving the same TechRadium patents was already pending in the Houston Division.  *See TechRadium, Inc. v. AtHoc, Inc.*, No. 2:09-CV-275-TJW, 2010 WL 1752535 (E.D. Tex. April 29, 2010).

Upon transfer to Houston, the case was assigned to Judge Lynn Hughes. Citing the local court rule that addresses related cases, the defendants then filed an opposed motion to transfer the case to Judge Rosenthal because she was presiding over the other TechRadium suit that Judge Ward had cited in his transfer order. *TechRadium, Inc. v. AtHoc, Inc.*, No. 4:10-1887, Docket Entry No. 136 (S.D. Tex June 9, 2010).  Judge Hughes granted that motion, and the case was reassigned to Judge Rosenthal.  *See id*. at Docket Entry No. 149 (S.D. Tex. June 17, 2010).

This earlier suit involved Patent Nos. 7,496,183 (the '183 Patent) and 7,519,165 (the '165 Patent).  These patents "claim a method for providing simultaneous digital message notification to, and receiving responses from, a large number of users."  *TechRadium, Inc. v. Edulink Sys.*, No. H-10-1887, 2013 WL 1855859, at *1 (S.D. Tex. May 1, 2013).  In late 2012, after the *Markman* ruling, TechRadium and FirstCall settled.  *See TechRadium*, No. 4:10-1887 at Docket Entry No. 282 (S.D. Tex. Dec. 6, 2012).  In May 2013, Judge Rosenthal granted summary judgment in favor of the remaining defendants.  *See TechRadium v. Edulink Sys.*, 2013 WL 1855859, at *10.

On March 20, 2013, TechRadium filed this case, in which FirstCall now seeks transfer, in the Galveston Division.

## II.   STANDARD OF REVIEW

Convenience transfers are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The statute is intended to save time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience.  *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing

*Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  Though patent cases are appealed to the Federal Circuit, the Federal Circuit follows Fifth Circuit law on procedural issues such as section 1404's convenience analysis.  *See In re Microsoft Corp.*, 630 F.3d 1361, 1363 (Fed. Cir. 2011) (noting that the Federal Circuit applies Fifth Circuit law in reviewing district court rulings on convenience transfer motions).

As a general matter, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).   The Fifth Circuit has noted conflicting authority on whether a plaintiff's choice of forum is given more or less deference when an intradistrict transfer is sought, but declined to "announce a general standard governing intra-district transfers in all situations."  *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (per curiam) (noting Eastern District of Texas cases affording plaintiffs' choice greater deference for intradistrict transfers but also citing a leading civil procedure treatise that concludes the deference should be less in this context (citations omitted)).  Given *Radmax*'s general thrust that the standards applied to interdistrict and intradistrict transfers should not differ,[1] the Court will apply the same "clearly more convenient" standard that *Volkswagen* sets for interdistrict transfers.  *In re*

---

[1] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam) (noting that courts should consider the same public and private interest factors considered for interdistrict transfers when analyzing intradistrict transfers).

*Volkswagen of Am.*, 545 F.3d at 315.

The application of section 1404(a) is a two-part process.  The court must first determine whether the venue to which transfer is sought is one in which the case could have been filed.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).  If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), by weighing the following factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am.*, 545 F.3d at 315 (citations and internal punctuation omitted).  "The 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax*, 720 F.3d at 288 (citation omitted).

## III.  ANALYSIS

### A. Venue Is Proper in the Houston Division

As an initial matter, the Court notes that TechRadium could have originally filed this suit in the Houston Division.  The venue statute, 28 U.S.C. § 1391, is

based on districts, not divisions.  Therefore, if venue lies in the Galveston Division, and the parties concede it does, then venue is also proper in the Houston Division. *Perry v. Autocraft Invs., Inc.*, No. 3:13-cv-00106, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013).

### B.  Convenience Analysis

#### 1.     Private Factors

Turning next to the private interest factors, the Court finds that one of these factors is neutral: the availability of compulsory process.  The Galveston and Houston federal courthouses are located approximately 50 miles apart; therefore, power to subpoena will not differ among the divisions.  *In re Radmax, Ltd.*, 720 F.3d at 289 (noting factor as neutral when subpoena power of courts does not differ).

The remaining three factors weigh in favor of transfer.  TechRadium argues its sources of proof and witnesses are located in Friendswood, which straddles the border between the Galveston and Houston Divisions, because the City of Friendswood was using the allegedly infringing product.  But given Friendswood's location between the two courthouses, any evidence located there is likely to be similarly accessible to either division.  And TechRadium's headquarters, where a substantial amount of documentary evidence and its witnesses are likely located, is in Sugar Land, in the Houston Division.  Further, as Judge Ward noted in

transferring the earlier infringement case to the Houston Division, four of the five inventors of the patent-in-suit reside in Fort Bend County.

Evidence in the possession of FirstCall and its witnesses is likely concentrated in Baton Rouge, where its principal place of business is located. Houston is slightly more convenient for these witnesses than Galveston. The closest airport to the Galveston courthouse, Houston Hobby,[2] has no direct flights to Baton Rouge,[3] while there are direct flights to Bush Intercontinental, which is more convenient to the Houston courthouse. For these reasons, both the first and third factors—relative ease of access to sources of proof and cost of attendance for willing witnesses—favor transfer, though not substantially. *See In re Radmax*, 720 F.3d at 288 (noting that slight inconvenience to sources of proof still weighs in favor of transfer because "the question is *relative* ease of access, not *absolute* ease of access (citation omitted) (emphasis in original)).

Placing a heavier thumb on the scale in favor of the Houston Division is the "catch all" factor that encompasses "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at

---

[2] While Hobby is approximately 40 miles from the Galveston courthouse and only 11 miles from the Houston courthouse, given the necessity of navigating Houston downtown traffic and finding downtown parking, both courthouses are equally convenient to Hobby, "particularly when the free, nearby, and widely available parking at the Galveston federal building is taken into account." *Barnes v. Romeo Papa, LLC*, No. 3:12-CV-365, 2013 WL 3049236, at *2 n.1 (S.D. Tex. June 17, 2013).

[3] The Court verified this information using travel websites. *See* Orbitz, http://www.orbitz.com (last visited Aug. 22, 2013); Southwest Airlines, http://www.southwest.com (last visited Aug. 22, 2013).

315 (citations and internal punctuation omitted).  The Southern District of Texas's local rules require that litigants inform a court of recent or current related litigation because the interests of efficiency and consistency often favor the same judge hearing similar disputes.  *See* LR 5.2, *available at* http://www.txs.uscourts.gov/ district/rulesproc/dclclrl2012.pdf.  As discussed above, Judge Rosenthal in the Houston Division recently presided over a patent case between these parties, as well as a second case in which TechRadium sued other parties.  *See TechRadium, Inc. v. Edulink Sys., Inc.*, No. 4:10-cv-1887.  In response to FirstCall's argument that the related nature of the cases warrants transfer, TechRadium makes the conclusory argument that the "'729 Patent is significantly different from the patents in the 1887 Case.  Many of the terms in the patents that were construed in the 1887 Case Markman hearing are not present in the '729 Patent."  Docket Entry No. 21 at 3.  Cases need not be identical to be related, however, and TechRadium's argument implicitly acknowledges that some of the terms Judge Rosenthal construed, just not all of them, are present in the patent on which it now brings suit. That overlap is evident from even a cursory comparison between the patent in this case and Judge Rosenthal's *Markman* ruling construing terms in the other patents. *Compare TechRadium, Inc. v. AtHoc, Inc.*, No. 4:10-cv-1887, Docket Entry No. 251 at 38–40 (S.D. Tex. July 16, 2012) (construing "user," "user selected priority information," and "administrator interface," among other terms identical or similar

to those appearing in the patent at issue in this suit), *with* Docket Entry No. 1-1, '729 Patent, at col. 8 ll. 45–59 (describing a claim containing the terms "user," "user selected grouping information," and "administrator interface"). This similarity is sufficient to implicate the efficiency concerns that motivate Local Rule 5.3, which are especially salient in labor-intensive patent cases in which even a general familiarity with the technology at issue obtained during a prior case can lead to more prompt rulings. *Cf. Uniloc USA, Inc. v. Distinctive Dev. Ltd.*, --- F. Supp. 2d ----, 2013 WL 4081076, at *7 (E.D. Tex. Aug. 5, 2013) (finding this factor weighed against transfer when the presiding court was also presiding over other related cases). The differences TechRadium contends exist (but that are not detailed in its briefing) may well lead to a different result this time, but Judge Rosenthal is capable of making that determination.

The Court thus finds that the private interest factors strongly favor transfer.

### 2. *Public Factors*

The public interest factors, which for the most part are neutral or not implicated, do not change the balance. In terms of court congestion, this Court has noted that its light criminal docket often will allow civil cases to proceed to trial more speedily in Galveston. *See Perry*, 2013 WL 3338580, at *3. But that advantage would likely be offset in this case by Judge Rosenthal's ability to render court rulings more promptly because of her work on TechRadium's earlier patent

cases.  *See TechRadium*, 2010 WL 1752535, at \*3 (finding this factor favored transfer when the transferee court had "substantially more understanding of the patents-in-suit, prior art, and technology").

The interest in having localized interests decided at home does not weigh heavily in favor of either forum, but tilts toward Houston.  Although one of the alleged infringing products is used in Friendswood, that city lies between the Galveston and Houston Divisions.   More fundamentally, Friendswood is not FirstCall's only customer, and a local interest based on the location of one infringing user is not compelling when accused systems are used nationwide.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (noting that even though several infringing vehicles were sold in East Texas, the allegedly infringing vehicles "were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-cv-572, 2013 WL 890484, at \*6 (E.D. Tex. Jan, 14. 2013) ("When the accused products or services are sold nationwide, the alleged injury does not create a substantial local interest in any particular district." (citation omitted)).   On the other hand, the location of the parties is relevant to the local interest inquiry in patent cases.  *See GeoTag*, 2013 WL 890484, at \*7 (noting that the location of both the plaintiff and defendant affects the local interest factor in patent cases).   On that front,

10 / 11

TechRadium and four of the inventors are located in the Houston Division.

Both proposed venues are familiar with the governing law, so that factor is neutral.  The remaining public interest factor, concerning choice of law or the application of foreign law, is not implicated.

In sum, the public interest factors do not weight strongly in either direction, but slightly favor Houston.  The strong private factors favoring Houston thus carry the day, rendering Houston a clearly more convenient forum than Galveston.

## III.  CONCLUSION

For the reasons discussed above, the Court concludes that the Houston Division is a "clearly more convenient" forum than the Galveston Division.  *In re Volkswagen of Am.*, 545 F.3d at 315.  The Court therefore **GRANTS** FirstCall's motion to transfer venue (Docket Entry No. 10) and **TRANSFERS** this case to the Houston Division where, pursuant to the Local Rules, it should be assigned to Judge Lee Rosenthal.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of August, 2013.

_____
Gregg Costa
United States District Judge